UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KERBY ALEXANDRIA B. STRACCO, Plaintiff,
v.
UNITED STATES OF AMERICA, Defendant.
Civ. A. No. 25-0466

PLAINTIFF'S INFORMATIVE MOTION REGARDING IMMINENT HOUSING INSTABILITY AND RELATED HARDSHIPS

Plaintiff, Kerby Alexandria B. Stracco, proceeding pro se, hereby submits this Informative Motion to bring to the Court's attention the imminent housing instability and related hardships she is facing, which are further exacerbated by the Defendant's conduct in this and related cases.

INTRODUCTION
Plaintiff is currently suffering from housing instability due to the inaction and misrepresentations of Veterans Affairs SSVF Partner, Friendship Place, located in Washington D.C. Plaintiff has 30 days remaining in an apartment that is unsuitable for her husband and children. Despite repeated attempts to seek assistance from both Veterans Affairs and Friendship Place, Plaintiff has been met with resistance, misrepresentations, and a refusal to intervene.

This housing instability, coupled with the Defendant's obstructive conduct in this and related litigation, is causing significant hardship for Plaintiff and her family, including financial strain, emotional distress, and an inability to effectively participate in the legal process.

STATEMENT OF FACTS
 * Plaintiff is a veteran with five children and a husband who suffers from severe health challenges.
 * Plaintiff has been seeking assistance from Veterans Affairs SSVF program to secure stable housing for her family.
 * Friendship Place, a Veterans Affairs SSVF Partner, has refused to provide adequate assistance, allegedly due to Plaintiff's service-connected income.
 * Friendship Place has also made misrepresentations to Plaintiff and the Superior Court of Washington D.C.
 * Plaintiff is now facing imminent housing instability with 30 days left in an unsuitable apartment.
 * Plaintiff is also involved in litigation with Veterans Affairs, where the Defendant's attorney has engaged in obstructive conduct, including withholding case files and filing deficient motions. [Argument Section of 25-550 Case File]
 * This obstructive conduct has resulted in financial strain for Plaintiff, who has to pay for childcare and care for her husband every time the Defendant files a motion. [Motion for Sanctions in 25-0466 Case File]
 * Plaintiff is unable to file any proceedings on Pacer as a non-represented litigant and has to pay for transportation to file motions in person. [Motion for Sanctions in 25-0466 Case File]
IMPACT ON PLAINTIFF

RECEIVED

FEB 2 6 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

The combination of housing instability and the Defendant's obstructive conduct is causing significant hardship for Plaintiff:
 * Financial Strain: Plaintiff is incurring substantial costs for childcare, care for her husband, and transportation due to the Defendant's actions. [Motion for Sanctions in 25-0466 Case File]
 * Emotional Distress: The stress of facing eviction and navigating legal proceedings is taking a toll on Plaintiff's mental health.
 * Difficulty Participating in Legal Proceedings: The Defendant's obstructive conduct and Plaintiff's housing instability are hindering her ability to effectively participate in the legal process. [Motion for Sanctions in 25-0466 Case File]

REQUEST
Plaintiff respectfully requests that the Court consider her housing situation and the related hardships when making decisions in this case. Plaintiff also requests that the Court take any appropriate action to ensure that the Defendant's conduct does not further exacerbate her difficulties.

Dated: February 26, 2025

Respectfully submitted,

Kerby Alexandria B. Stracco, Pro Se
1460 N Highview Ln Alexandria, VA 22311
650-208-1526
Kerby.Stracco@gmail.com



UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KERBY ALEXANDRIA B. STRACCO, Plaintiff,

v.

UNITED STATES OF AMERICA, Defendant.

Civ. A. No. 25-0466

PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBSTRUCTIVE CONDUCT AND MOTION FOR SANCTIONS

By and through herself, pro se Plaintiff, Kerby Alexandria B. Stracco, hereby brings to the Court's attention the Defendant's obstructive conduct and moves for sanctions.

The Defendant's conduct should be addressed in light of the following critical issues:

1. Prejudicial Misrepresentation, Non-Compliance with Court Order, and Intentional Withholding of Case File:

On February 21, 2025, Judge Moss issued a Minute Order directing the Defendant to respond to Plaintiff's Motion to Seal (Dkt. 4) on or before February 28, 2025.

In an email dated February 25, 2025, Defendant's counsel, Attorney Berhane, stated, "We are requesting an extension of time." This statement, without specifying that the extension pertained to the court-ordered response to the Motion to Seal, misled Plaintiff into believing that the Defendant was seeking an extension for a different procedural matter. A copy of the email is attached as Exhibit A.

The Defendant's actions, specifically the misrepresentation regarding the extension request, have caused significant prejudice to the Plaintiff. This misrepresentation directly interfered with the Court's request for the Defendant to gather the documents that were to be placed under seal, documents that are crucial to the integrity of this case. Furthermore, it has come to the Plaintiff's attention that the Defendant's counsel intentionally left the Plaintiff's entire case file at the D.C. Superior Court after removing the case to this federal court.

This act of leaving the file behind was a deliberate attempt to obstruct the Plaintiff's access to vital case documents and impede the progress of this litigation. More significantly, this action also represents an attempt to deprive the Court of the complete record,



hindering the Judge's ability to make fully informed decisions. This action, combined with the misleading extension request, demonstrates a clear pattern of obstructive behavior by the Defendant. Since Plaintiff suspected obstruction, Plaintiff, proceeding pro se, went to the courthouse personally to obtain the documents.

This interference has forced the Plaintiff to expend unnecessary time, travel, and resources to address the Defendant's misleading conduct, detracting from the Plaintiff's ability to effectively litigate this case, violating the duty of attorneys to deal fairly with the court and opposing counsel. See Fed. R. Civ. P. 11(b)(3); D.C. Rules of Prof'l Conduct 3.3, 4.1.

Furthermore, the Defendant's conduct is antithetical to the purpose of Federal Rule of Civil Procedure 1, which mandates that the rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." The defendant's misrepresentation, the intentional withholding of the case file, and subsequent motion for extension unnecessarily complicate and delay the proceedings, causing undue expense and prejudice to the Plaintiff, who is proceeding pro se, and also impedes the Court's ability to render a just ruling.

2. Additional Prejudicial Statements in Defendant's Motion to Extend:

Furthermore, the Defendant's Motion to Extend the Deadline to Respond to Plaintiff's Complaint contains several prejudicial statements that undermine the Plaintiff's right to a fair and timely adjudication. Specifically, the Defendant's assertion that the Plaintiff's Complaint is "hard to decipher" directly attacks the clarity and validity of the Plaintiff's claims, creating an unfair and dismissive perception of their merits.

While Plaintiff is not opposed to a reasonable extension of time for the Defendant to respond to the Complaint, Plaintiff vehemently objects to being misled and having their claims discredited by opposing counsel. It is not the role of any attorney to unilaterally determine the merit of a case; that determination rests solely with the Court. Plaintiff acknowledges that their case may present complex issues, and she is prepared to clarify her claims as needed.

However, Plaintiff is a parent of five children and a caregiver, and the actions of the Veterans Affairs have caused significant trauma. The stigma surrounding mental health issues and the barriers veterans face in accessing support have further compounded these challenges.

Plaintiff is suffering from extreme suicidal ideations, as evidenced by the medical records, and the Defendant's conduct, as a



representative of the United States of America, is causing further injury. This severe distress stems from the profound military sexual trauma (MST) that Plaintiff experienced, leading to chronic PTSD that is exacerbated by the very systems designed to provide support.

Adding to this strain, Plaintiff's husband, Anthony Stracco, is also grappling with severe health challenges, including chronic pain, fatigue, depression, and functional decline, as detailed in his medical records. The Defendant's dismissive language exacerbates this trauma and creates an unnecessary barrier to a fair and just resolution. Additionally, the Defendant's reliance on a "heavy docket" as justification for a 30-day extension prioritizes their convenience over the Plaintiff's right to a timely resolution.

Finally, the statement that a motion to dismiss "should resolve this matter in one fell swoop" presumes the success of the Defendant's motion and prejudges the Plaintiff's case. These statements, combined with the earlier misrepresentation regarding the Motion to Seal, demonstrate a pattern of conduct that is prejudicial and contrary to the principles of fair and efficient litigation.

3. Unnecessary Removal and Forum Shopping:

The Defendant's decision to remove this case from the D.C. Superior Court to the federal district court raises serious concerns regarding procedural fairness and efficiency. As Plaintiff, proceeding pro se, recognizes she is not an attorney. However, it appears that the Defendant unilaterally removed the case without any prior consultation or attempt to resolve the matter in the original jurisdiction. This removal, followed immediately by a motion to dismiss challenging the validity of the Complaint, suggests a strategic maneuver to gain a perceived advantage in federal court.

This raises the question: why was removal necessary? The Defendant could have pursued a motion to dismiss in the D.C. Superior Court, which also has procedural mechanisms for addressing deficient pleadings. The removal to federal court, followed by the dismissal attempt, has significantly increased the procedural complexity and expense of this litigation for the Plaintiff, who now must learn and understand the federal rules of civil procedure, when the case could have been handled in the DC Superior Court. This is especially burdensome to the Plaintiff, who is proceeding pro se.

Furthermore, the Defendant's reliance on a "heavy docket" in federal court to justify a 30-day extension, while simultaneously choosing to remove the case to that very court, reveals a potential inconsistency. If the Defendant's docket is indeed so burdened, it is unclear why they opted to transfer the case to a forum where delays are

...


anticipated. This action places the Plaintiff in a position of unnecessary disadvantage, as the Defendant appears to be manipulating procedural rules to their benefit, while simultaneously complaining about the court's docket. This behavior is antithetical to the principles of fair and efficient litigation.

4. Disenfranchisement of Veterans in the Legal System:

The Defendant's conduct in this case reflects a broader pattern of disenfranchisement experienced by veterans in the legal system. Veterans often face unique challenges, including difficulty accessing legal representation, navigating complex procedures, and overcoming biases. Moreover, stigma associated with mental health conditions like PTSD and the resulting barriers to seeking help can significantly hinder veterans' ability to effectively advocate for themselves in legal proceedings.

For instance, veterans may fear losing their VA benefits or security clearances if they disclose mental health struggles, leading them to remain silent and suffer in isolation. They may also encounter negative stereotypes and biases that impact their credibility and treatment in court. Furthermore, the lack of awareness among legal professionals regarding the unique challenges faced by veterans with PTSD can result in misunderstandings and inadequate support. This lack of understanding can be compounded by limited access to specialized legal and mental health services tailored to veterans' needs. The Defendant's misrepresentation, prejudicial statements, and procedural maneuvers further disadvantage the Plaintiff, a veteran seeking justice. The Court should consider these systemic issues when evaluating the Defendant's motion and ensure that veterans receive fair and equitable treatment in the legal process.

5. Importance of Motion to Seal and Deprivation of the Court:

The motion to seal contains documents that are vital to this case. These documents contain private medical information related to the plaintiff's Military Sexual Trauma and the resulting PTSD. The release of this information would cause the plaintiff irreparable harm. The defendant's delay in responding to this motion is causing the plaintiff further emotional distress. Critically, this delay also deprives the Court of the opportunity to promptly review and rule on the motion, hindering the Court's ability to protect sensitive information and ensure the proper administration of justice.

WHEREFORE, based on the foregoing, Plaintiff, Kerby Alexandria B. Stracco, proceeding pro se, respectfully requests that the Court:

1. Acknowledge the prejudicial impact of the Defendant's

misrepresentation regarding the extension request and the intentional withholding of the case file.

2. Order the Defendant to immediately provide a full and accurate explanation for the misrepresentation and the withholding of the case file.

3. Impose sanctions under Fed. R. Civ. P. 11(c) to address the harm caused by the Defendant's misleading conduct, including but not limited to: (1) an order to compel the Defendant to respond to the Motion to Seal within a specified timeframe, (2) a monetary sanction to compensate the Plaintiff for the time and costs incurred as a direct result of the Defendant's misrepresentation, including the personal trip to the courthouse to obtain documents, and (3) any other sanctions the Court deems just and equitable.

4. Admonish the Defendant for their conduct and for their attempt to deprive the Court of essential information.

5. Take any further action the Court deems just and equitable to remedy the prejudice caused by the Defendant's actions.

Respectfully submitted,

Kerby Alexandria B. Stracco (Pro Se)
1460 N Highview Ln
Alexandria, VA 22311
(650)-208-1526
Kerby.Stracco@gmail.com



K S <kerby.stracco@gmail.com>

## Re: Stracco, 25-466 - Extension of Time Request

**K S** <kerby.stracco@gmail.com>   Tue, Feb 25 at 3:50 PM
To: Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>

Greetings. I already dropped off the paperwork. Due to the seriousness of the case and the impact on me any further delay, unless due to my health issues and the care I have to provide for my and husband children, I cannot agree to the thirty day request of paperwork that is easily accessible.

Furthermore I already picked up the case physically and dropped all documents off to the federal courthouse less than 45 minutes ago.

I have no control over the judges ruling nor if you all feel you need to file one. Godspeed.

Kerby Alexandria B Stracco (FEMALE/SHE/HER/COOKED)
USA Ret
650-208-1526


"If you are silent about your pain, they will kill you and say you enjoyed it." Zora Neale Hurston.




On Tue, Feb 25, 2025 at 3:21 PM Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov> wrote:

> Hello,
>
> I hope you're well. I am handling the above-captioned case for the Government, and I wanted to reach out and ask your position on the motion for an extension of time (by 30 days) that I intend to file today. Please let me know your position when you can, but preferably sometime today.
>
> Bests,
>
> **Isaac Berhane**
>
> Assistant United States Attorney
>
> United States Attorney's Office
>
> District of Columbia
>
> 601 D Street, N.W.
>
> Washington, D.C. 20530
>
> Office: (202) 252-6653
>
> Cell: (202) 809-5367
>
> Email: fithawi.berhane@usdoj.gov

# ERIN MCKEE, PSY.D.

9229 271st NW, #2606, Stanwood, WA | 425.595.7131 | erinmckeepsyd@gmail.com

December 6, 2024

To Whom It May Concern:

I am VA trained clinical psychologist (Concord Vet Center, Santa Rosa CBOC externships; Southeast Louisiana Veteran's Affairs internship and postdoc) and served in the US Navy from 2011 to 2016. I deployed to Afghanistan with Second Marine Expeditionary Force for seven months and served on the US Nimitz aircraft carrier. I also have a master's degree in cultural anthropology. I specialize in helping clients recover from trauma and its sequelae.

I saw Ms. Kerby Stracco starting in 2012 at Fort Belvoir for 2 and a half years. She and I resumed psychotherapy this July after I joined PSYPACT which allows psychologist to conduct virtual psychotherapy in any participating state. Ms. Stracco has some of the worst MST (military sexual trauma) I have seen, and her resulting chronic PTSD is intensified by the systems that are designed to serve her and do not. She struggles daily with suicidal ideation, and it is a testament to her resilience and love for her 5children that she has not yet taken her own life.

During the pandemic Ms. Stracco and her family lost their housing and were forced to move to a two-bedroom apartment that costs an exorbitant 4 thousand dollars per month. Her husband, Anthony, is also service connected at 100% due to his debilitating migraine headaches and cannot work. They are unable to catch up on their bills and are currently in debt; they live simply and are focused on providing for their children. The

stress of attempting to get the services they need has greatly increased Ms. Stracco's symptoms of PTSD-related hyperarousal and depression.

Please aid this family by awarding them the maximum aid for their housing, food and medical/dental bills.

Very Respectfully,

Erin McKee, Psy.D.

Licensed clinical psychologist
WA License: PY60612361

# ERIN MCKEE, PSY.D.

9229 271st NW, #2606, Stanwood, WA | 425.595.7131 | erinmckeepsyd@gmail.com

December 16, 2024

To Whom It May Concern:

I am VA trained clinical psychologist (Concord Vet Center, Santa Rosa CBOC externships; Southeast Louisiana Veteran's Affairs pre-doctoral internship and post-doctoral fellowship) and served in the US Navy from 2011 to 2016. I deployed to Afghanistan with Second Marine Expeditionary Force for seven months and served on the US Nimitz aircraft carrier as its only psychologist for nearly two years. I also have a master's degree in cultural anthropology and am a certified mindfulness meditation teacher. I specialize in helping clients recover from trauma and its sequelae.

I saw Ms. Kerby Stracco starting in 2012 at Fort Belvoir for 2 and 1/2 years. She and I resumed psychotherapy July 2024 after I joined PSYPACT which allows psychologists to conduct virtual psychotherapy in any participating state. Ms. Stracco has had some of the worst MST (military sexual trauma) I have encountered, and her resulting chronic PTSD is intensified and exacerbated by simple fact that the systems that are designed to serve her do not. She struggles daily with intense suicidal ideation, and it is a testament to her resilience and love for her 5 children that she has not yet taken her own life.

Ms. Stracco was recently unfairly removed from an intensive outpatient program at the DC VA, part of the Psychosocial Rehabilitation and Recovery Center, after a White male

veteran was very verbally violent against her: he was allowed to stay in the virtual IOP, Ms. Stracco was kicked out. The PRRC manual explains that patients often get worse before they get better, and yet Ms. Stracco was no afforded this symptom arc.

The stress of being removed from the program has greatly increased the frequency and severity of her symptoms of PTSD, depression and suicidality. She also has a history of TBI and her post concussive symptoms of confusion, difficulty concentrating and irritability—also symptoms of PTSD—were exacerbated by this denial of recovery services. I remain very concerned for her physical and mental health and the toll her chronic and PTSD and the secondary conditions of migraine headaches and insomnia are taking on Ms. Stracco and her family. The DC VA has abused Ms. Stracco, the very person it exists to protect: a veteran disabled at 100%. The VA is now contributing to her extreme PTSD due to MST and other deployment-related trauma. Please connect her to the maximum amount of financial and mental health services within your power to provide some relief to a very stressed and traumatized disabled veteran and her family system.

Very Respectfully,

Erin McKee, Psy.D.

Licensed clinical psychologist
WA License: PY60612361

# ERIN MCKEE, PSY.D.

9229 271st NW, #2606, Stanwood, WA | 425.595.7131 | erinmckeepsyd@gmail.com

20 JAN 2025,

To Whom It May Concern:

I am writing on behalf of my patient, Ms. Kerby Stracco. I am a VA trained clinical psychologist (Concord Vet Center, Santa Rosa CBOC externships; Southeast Louisiana Veteran's Affairs pre-doctoral internship and post-doctoral fellowship) and served in the US Navy from 2011 to 2016. I deployed to Afghanistan with Second Marine Expeditionary Force for seven months and served on the US Nimitz aircraft carrier as its only psychologist for nearly two years. I specialize in helping clients recover from trauma and its sequelae.

I saw Ms. Kerby Stracco starting in 2012 at Fort Belvoir for 2 and 1/2 years. We resumed psychotherapy July 2024 after I joined PSYPACT which allows psychologists to conduct virtual psychotherapy in any participating state. Ms. Stracco has had some of the worst MST (military sexual trauma) I have encountered, and her resulting chronic PTSD is intensified and exacerbated by simple fact that the *systems that are designed to serve her do not*. Most specifically, the psychologist heading the PRRP, an online intensive outpatient program through the DC VA aimed at helping those with PTSD recover, fired Ms. Stracco for being "too aggressive" while still retaining a White male veteran who was openly verbally violent to Ms. Stracco. This directly exacerbated Ms. Straccos's symptoms of labile mood, hyperarousal, severe and frequent depression, difficulty interacting with other people, her migraine headaches, increased severe alcohol

cravings and daily, moment to moment, **extreme suicidality**. It is a testament to her resilience and love for her five children that she has not yet taken her own life. And, as she has told me multiple times, this puts a lot of pressure on her relationships with her children. "They deserve better," she explains, and the clear intergenerational trauma is also causing them psychological distress; however, she takes a very protective stance by disassociating frequently (due to not feeling safe in her own body) and is careful to not actively cause any harm to her children's emotional wellbeing.
The stress of being removed from the PRRC has greatly increased the frequency and severity of her symptoms of PTSD, depression and suicidality.

She also has a history of TBI and her post concussive symptoms of confusion, difficulty concentrating and irritability—also symptoms of PTSD—were exacerbated by this denial of recovery services. That VA care can harm rather than help as it is designed to do is encapsulated in **VA title 38, 1151**. It is unequivocal that the conditions for which Ms. Stracco is service-connected worsened while she was receiving VA medical care. I remain very concerned for her physical and mental health and the toll her chronic and PTSD and the secondary conditions of migraine headaches and insomnia are taking on Ms. Stracco and her family. The DC VA has abused Ms. Stracco, the very person it exists to protect: a veteran disabled at 100%. The VA is now contributing to her extreme PTSD due to MST and other deployment-related trauma.


Very Respectfully,

*[signature]*

Erin McKee, Psy.D., Licensed clinical psychologist
WA License: PY60612361