UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KERBY ALEXANDRIA B. STRACCO, Plaintiff,

v.

DENIS R. MCDONOUGH, in his official capacity as former Secretary of Veterans Affairs, DOUG COLLINS, in his official capacity as current Secretary of Veterans Affairs, et al., Defendants.

Civil Action No. 25-0466 (RDM)

PLAINTIFF'S MOTION TO CHALLENGE WESTFALL CERTIFICATION, OPPOSITION TO SUBSTITUTION OF THE UNITED STATES AS DEFENDANT, AND MEMORANDUM IN SUPPORT

COMES NOW the Plaintiff, Kerby Alexandria B. Stracco, pro se, and respectfully moves this Court to reject the Westfall Certification, deny substitution of the United States as the defendant, and hold the named Defendants personally liable for their misconduct.

INTRODUCTION

•Plaintiff Kerby Stracco, a female veteran and military sexual trauma (MST) survivor, brings this motion to challenge the Westfall Act certification and prevent substitution of the United States as the defendant.

•Defendants, VA officials, acted outside the scope of their employment by engaging in retaliatory, discriminatory, and negligent conduct, including:

•Neglecting Plaintiff's safety and medical needs

•Falsifying records

•Denying essential services

•Obstructing access to HUD/VASH housing assistance

•Retaliating against Plaintiff for exercising her rights

•These acts were not legitimate government duties but intentional abuses of power, unworthy of Westfall Act protection.

Recent Updates and Continuing Harm

•The original misconduct occurred under Secretary Denis McDonough's tenure, during which Plaintiff suffered retaliation, medical neglect, and wrongful denial of benefits.



RECEIVED
MAR - 4 2025
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

•Despite new leadership under Secretary Doug Collins, these systemic failures persist—Plaintiff continues to suffer harm, neglect, and retaliation by VA officials.

•Plaintiff reached out to Secretary Collins but received no response.

•This demonstrates that the violations are ongoing, and accountability is necessary, reinforcing the need for this lawsuit.

LEGAL STANDARD

•Under 28 U.S.C. § 2679(d) (Westfall Act), the United States may only substitute as a defendant if the Attorney General certifies that a federal employee acted within the scope of their employment.

•Courts may reject this certification if officials exceeded their authority (Osborn v. Haley, 549 U.S. 225, 247 (2007)), acted with malice (Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 425 (1995)), or committed egregious acts (Harbury v. Hayden, 522 F.3d 413, 422 (D.C. Cir. 2008)).

•Plaintiff requests an evidentiary hearing to prove that Defendants' retaliation, discrimination, and neglect fall outside this scope.

ARGUMENT

I. DEFENDANTS' ACTIONS WERE NOT WITHIN THE SCOPE OF EMPLOYMENT

Defendants Denis R. McDonough (former Secretary of Veterans Affairs), Doug Collins (current Secretary of Veterans Affairs), and other VA officials acted outside the scope of their employment in committing retaliation, negligence, and discrimination, which are unrelated to legitimate VA duties.

A. Specific Acts of Misconduct

1. Failure to Protect from a Known Threat

•On or around March 6, 2024, Plaintiff reported a credible verbal threat from patient Tim Leach at a Veterans Health Administrative Program (PRRC) at DCVAMC medical center. The threat happened in a virtual class; however, PRRC has in-person classes.

•Despite her documented history of PTSD and MST, Defendants failed to investigate or provide protection, violating 38 C.F.R. § 17.33(a)(1).

•In a civilian setting, this inaction would constitute negligence and workplace safety violations, resulting in liability.

2. Retaliatory Termination of PRRC Services and Abrupt Discontinuation of Medications

- After attending a Suicide Prevention class, Plaintiff was wrongfully removed from PRRC as an act of retaliation.

- Instead of taking accountability for their actions, VA officials falsely accused Plaintiff of being "manic" and instructed her doctor to abruptly discontinue her prescribed medications, which is documented in exhibits from Plaintiff's medical records.

- The abrupt termination of necessary mental health medication without proper tapering violates 38 C.F.R. § 17.32 (Informed Consent & Duty to Care) and 38 U.S.C. § 1710(a) (Entitlement to VA Health Care Services).

- Such an action constitutes medical malpractice under 38 U.S.C. § 1151 (Compensation for Injuries Due to VA Medical Treatment) and is a clear breach of duty under federal law.

3. Systemic Discrimination in VA Mental Health Programs

- Veterans Affairs failed to properly administer programs assessing veterans' mental health needs across the board.

- According to a May 30, 2024 report from The Markup, the VA's suicide prevention algorithm disproportionately favors white male veterans, excluding women and veterans of color from receiving critical mental health interventions.

- Plaintiff, as a female veteran and MST survivor, was wrongfully excluded from necessary services due to these biased VA practices.

4. Obstruction of Vocational Rehabilitation

- By terminating PRRC services, Defendants blocked Plaintiff from participating in the Vocational Rehabilitation and Employment (VR&E) program, violating 38 U.S.C. § 3102.

5. Falsification of Medical Records

- VA staff labeled Plaintiff "disruptive" and "non-compliant" without basis, constituting deliberate falsification of medical records, in violation of 18 U.S.C. § 1035 (False Statements in Health Care Matters).

6. Discriminatory Denial of Emergency Housing

- Defendants denied Plaintiff extended rental assistance based on a policy that disproportionately excludes dual-disabled veteran families, violating the Fair Housing Act (42 U.S.C. § 3617) and the Rehabilitation Act (29 U.S.C. § 794).

B. Emotional and Physical Harm

- Defendants' conduct exacerbated Plaintiff's PTSD, anxiety, depression, and suicidal ideation.

- The VA's discriminatory suicide prevention algorithm systematically deprived Plaintiff of life-saving interventions.

- The abrupt discontinuation of medications caused physical and emotional harm, violating 38 C.F.R. § 17.32 (Informed Consent & Duty to Care).

CONCLUSION

- Defendants Denis R. McDonough, Doug Collins, and VA officials engaged in retaliation, negligence, and discrimination, exceeding their employment scope.

- Plaintiff respectfully requests this Honorable Court:

- a. Deny Westfall Certification

- b. Reject substitution of the United States as defendant

- c. Grant an evidentiary hearing

- d. Permit discovery into Defendants' misconduct

- This Court's action will uphold justice for veterans like Plaintiff.

Dated: March 4, 2025

Respectfully submitted,

Kerby Stracco

Plaintiff, Pro Se

1460 N Highview Ln

Alexandria, VA 22311

Kerby.Stracco@gmail.com